UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Granite Re, Inc., an Oklahoma corporation, <br><br> Plaintiff, <br><br> vs. <br><br> City of La Crescent, a Minnesota municipal corporation; MinnComm Utility Construction Co., a Minnesota corporation; Daniel J. Weidner; and Mary D. Weidner, <br><br> Defendants. | Civil File No.: 08-CV-441 (RHK/RLE) <br><br> **GRANITE RE, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO THE CITY OF LA CRESCENT'S MOTION TO COMPEL DISCOVERY** |

Plaintiff Granite Re, Inc. ("Granite") submits this Memorandum in Opposition to the City of La Crescent's ("City") Motion to Compel.

## INTRODUCTION

Granite hereby joins hereby joins in the Memorandum of Law put forth by Defendant MinnComm Utility Construction Co. ("MinnComm") and incorporates its defense arguments by reference. Granite's Memorandum will here address (1) the six listed documents from Granite's privilege log and (2) the City's argument that Granite is prohibited from working with MinnComm based upon its performance bond obligations.

## ARGUMENT

First, on page 8 in its Memorandum, the City identifies six documents. Those documents are part of Granite's privilege log as they are communications between counsel for Granite and counsel for MinnComm after the litigation began. The identified

documents concern contract specifications, pay applications of MinnComm, and the payment bond claim of Winona Mechanical on the project that is the subject matter of the litigation.

Second, the City alleges that Granite cannot work with MinnComm because Granite owes a fiduciary duty to the City. This statement does not accurately reflect the relationship between the parties. Granite, the City, and MinnComm are parties to the performance bond at issue in this project. It is a tenet of suretyship that the bond (in this case a performance bond) creates a three-party contractual relationship. In other words, all parties owe obligations to each other. However, as to liability, Granite's liability is coextensive with MinnComm. If MinnComm is at fault, then Granite is at fault, subject to any individual defenses of the surety. Due to the potential for coextensive liability, it is common for sureties and bond principals to work together on claims.

In this case the City made a claim against the performance bond. MinnComm has asserted defenses to those claims. Granite cannot volunteer payment to the City in disregard of colorable claims of the bond principal. Instead, Granite commenced this declaratory judgment action asking the Court to determine what obligation Granite owes, if any, to the City in light of MinnComm's defenses. This is not be the first time a surety has commenced a declaratory judgment action and it will not be the last.

Finally, the City has alleged that Granite has not completed its investigation of this project or failed to advise the City of its investigative results. This is incorrect. Counsel for Granite spoke with counsel for the City regarding Granite's investigation and advised that the investigation was inconclusive as to fault.

2

## **CONCLUSION**

Based upon the foregoing arguments and the arguments put forth in MinnComm's Memorandum of Law, Granite respectfully requests this Court to deny the City's Motion to Compel.

GREGERSON, ROSOW, JOHNSON & NILAN, LTD.

Dated: December 11, 2008     By:     /s/ David H. Gregerson
                                                   David H. Gregerson, #37564
                                                   Daniel R. Gregerson, #0336518
                                                   650 Third Avenue South, Suite 1600
                                                   Minneapolis, MN 55402-4337
                                                   (612) 338-0755

Attorneys for Plaintiff Granite Re, Inc.

P:\Home\1292.246 - Granite - City of La Crescent\Motions\2008 12 11 - Granite's Response to La Crescent's Motion to Compel.doc